UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA DE LOURDES ARROYO,

    Plaintiff,

v.                                 Case No: 6:16-cv-1862-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Maria De Lourdes Arroyo appeals to this Court from Defendant, the Commissioner of Social Security's final decision to deny her application for disability insurance benefits and supplemental security income. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, and joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **reversed** and the case be **remanded**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background[1]

When the ALJ made her administrative decision, Plaintiff was fifty-two years old, with a GED, and past work experience as a cleaner and "cook helper" (Tr. 62-63, 300, 332). On August 1, 2011, Plaintiff applied for benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 416, 423, alleging a disability onset date of April 1, 2011(Tr. 300-307, 328). Her claims were denied initially and on reconsideration (Tr. 170-

---

[1] The information in this section comes from the parties' joint memorandum filed on July 12, 2017 (Doc. 21).

180, 188-197). At Plaintiff's request, the ALJ held an administrative hearing on January 9, 2013 (Tr. 72-107, 198). The ALJ issued an unfavorable decision on March 22, 2013 (Tr. 146-163). Plaintiff petitioned the Appeals Council for review of the ALJ's decision and on August 20, 2014, the Appeals Council remanded the case back to the Commissioner for further review (Tr. 164-169). A different ALJ held another administrative hearing on December 22, 2014 (Tr. 43-71). On February 17, 2015 the new ALJ issued a second unfavorable decision (Tr. 26-36). On September 7, 2016, the Appeals Council denied Plaintiff's request for review of the second decision (Tr. 1-8). Thus, the second decision became the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process codified at 20 C.F.R. § 416.920(a)(4). The process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 29). At step two, the ALJ found Plaintiff severely impaired by mild degenerative disc disease and obesity (Tr. 29). At step three,

the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926) (Tr. 29-30). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity to,

> [P]erform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift twenty pounds occasionally and ten pounds frequently and sit, stand, or walk throughout the workday. The claimant can occasionally stoop and crouch and occasionally push and pull with her upper and lower extremities.

(Tr. 30-34). At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work (Tr. 34). But, the ALJ ultimately concluded at step five that there were other jobs in the national economy–like bottling line attendant, egg washer, and street cleaner– that Plaintiff could perform and therefore, she was not disabled (Tr. 34-36).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision. <u>Miles v. Chater</u>, 84 F.3d 1397, 1400 (11th Cir. 1996). The

district court "may not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the [Commissioner.]" <u>Id.</u> "The district court must view the record as a

whole, taking into account evidence favorable as well as unfavorable to the decision."

<u>Foote v. Chater</u>, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); <u>accord</u> <u>Lowery v.

Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to

determine the reasonableness of the factual findings).

## Discussion

A. <u>The ALJ Failed to Apply the Proper Legal Standard to the Opinion of Plaintiff's
Treating Physician, Dr. Stephen Goll</u>

Plaintiff argues that the ALJ committed reversible error by relying on the

conclusions of non-examining state agency consultant Thomas Peele, M.D., to discredit

and discount the opinion of her treating physician, Dr. Stephen Goll, M.D. (Doc. 21 at 11-

13).

Weighing the findings and opinions of treating, examining, and non-examining

physicians is an integral part of steps four and five of the sequential evaluation process.

The Eleventh Circuit clarified the standard the Commissioner is required to utilize when

considering medical opinion evidence in <u>Winschel</u>. There, the court held that whenever a

physician offers a statement reflecting judgments about the nature and severity of a

claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant

can still do despite his or her impairments, and the claimant's physical and mental

restrictions, the statement is an opinion requiring the ALJ to state with particularity the

weight given to it and the reasons therefor. 631 F.3d at 1178-79 (citing <u>Sharfarz v.

Bowen</u>, 825 F.2d 278, 279 (11th Cir. 1987)); <u>see</u> <u>also</u> <u>McCloud v. Barnhart</u>, 166 F. App'x

410, 418-19 (11th Cir. 2006)[2] (The court found that the ALJ failed to explain the weight he gave a consulting physician's report and said that while the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion," the ALJ is "required to state with particularity the weight he gives to different medical opinions and the reasons why."); Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) ("The ALJ must state with particularity the weight given different medical opinions and the reasons for doing so, and the failure to do so is reversible error. Generally, the opinions of examining physicians are given more weight than non-examining, treating more than non-treating, and specialists on issues within their areas of expertise more weight than non-specialists.") (internal citations omitted).

A particularized explanation by the ALJ is necessary to enable reviewing courts "to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1178-79 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). As the Court of Appeals explained in Lawton v. Comm'r Soc. Sec.,

> [T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor ... Without an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.

431 F. App'x 830 (11th Cir. 2011) (internal citations omitted).

"The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician." Johnson v. Barnhart, 138 F.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

App'x. 266, 270 (11th Cir. 2005); <u>Bruet v. Barnhart</u>, 313 F. Supp 2d 1338, 1346 (M.D. Fla. 2004) (the "good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of the treating physician"); <u>see</u> <u>also</u> <u>Spencer ex rel. Spencer v. Heckler</u>, 765 F.2d 1090, 1094 (11th Cir. 1985).

Plaintiff allegedly sustained a work-related injury on October 29, 2010 (Tr. 434, 436, 450-451, 456). Dr. Goll examined her on November 17, 2010 (Tr. 450-455). The doctor identified Plaintiff's injuries as primarily soft tissue and recommended an MRI scan of her cervical and lumbar spine to rule out any disc displacement or neurologic compression (Tr. 454). According to Dr. Goll, Plaintiff had "relatively advanced degenerative disc disease" and he recommended physical therapy treatment of her cervical and lumbar spine (<u>Id.</u>). Dr. Goll also recommended that Plaintiff "continue with light-duty sedentary work, no lifting more than 5 pounds, no bending, [and that] she ... change position from sitting to standing as tolerated, [and engage in] no overhead reaching or climbing" (<u>Id.</u>).

Dr. Goll examined Plaintiff again on November 30, 2010 (Tr. 433). He evaluated the results of Plaintiff's cervical spine MRI and determined that she had no tissue abnormalities, but that she did suffer from "a mild disc bulge" in her C2-3 intervertebral disc and "severe bilateral foraminal stenosis secondary to facet and uncoverebral joint hypertrophy" in her C4-5, C5-6, and C6-7 intervetebral discs (Tr. 433). On February 21, 2011, Dr. Goll prescribed[3] a rolling walker with 5 inch wheels (Tr. 460).

On April 4, 2011, Dr. David G. Haddock conducted an initial evaluation of Plaintiff (Tr. 462-464). Dr. Haddock recited Plaintiff's patient history and specifically referenced a

---

[3] The prescription identified Dr. Goll as the prescribing doctor, however, it was signed by Edman Fuentes, a physician's assistant (Tr. 460).

report in which "Dr. Goll gave [Plaintiff] a 3% permanent partial impairment and gave her permanent work restrictions of no lifting greater than 10 pounds and no repetitive bending lifting pushing or pulling ... she is currently working with light duty restrictions. She uses a walker for prolonged ambulation …" (Tr. 462). Dr. Haddock noted that Dr. Goll and Dr. Blick had determined that Plaintiff had reached maximum medical improvement ("MMI") (Id.). Dr. Haddock expressly "defer[red] to Dr. Goll's opinion regarding MMI, PPI and work status" (Tr. 464). On July 12, 2011, Dr. Haddock again noted that Plaintiff was "already at MMI with permanent restrictions by Dr. Goll." (Tr. 468).

On November 18, 2011, Dr. Peele, a non-examining state agency consultant reviewed the record and opined that Plaintiff was capable of performing light work except she could only occasionally stoop and crouch (Tr. 130-31, 138-39). The ALJ wrote:

> As for the opinion evidence, Thomas Peele, M.D., State agency physician, opined that the claimant can lift or carry twenty pounds occasionally and ten pounds frequently, stand or walk for about six hours total in an eight-hour workday, sit for about six hours total in an eight-hour workday, and has no push or pull limitations other than as shown for lift and/or carry (Exhibits 7A-8A). According to Dr. Peele, the claimant can occasionally stoop and crouch but has no manipulative, visual, communicative, or environmental limitations (Exhibits 7A/5-6; 8A/5-6).
>
> The undersigned gives great weight to the opinions of Dr. Peele because he is expert in Social Security disability programs and his opinions are consistent with the substantial evidence of record, including the claimant's conservative and sporadic treatment, the claimant's continually intact motor strength of the upper and lower extremities, frequently intact sensation, frequently unassisted gait, normal electrodiagnostic findings, the complete absence of any edema or other obesity-related complication, and her admitted activities of daily living.

(Tr. 33).

The ALJ did not reference Dr. Goll's specific medical opinions or the opinion of Dr. Haddock to the extent it incorporated Dr. Goll's opinion. Instead, the ALJ simply wrote:

> The undersigned gives little weight to the opinions of Abner Gabaldon, M.D., and Drs. Goll and Blick as inconsistent with the substantial evidence of record discussed when giving weight to the opinions of Dr. Peele.

(Tr. 34). This is the extent of the ALJ's analysis of Dr. Goll's opinions. This is insufficient. The fact that Dr. Goll assessed Plaintiff at MMI with a 3% partial permanent impairment and placed her on permanent work restrictions is a significant medical opinion that must be analyzed at the administrative level. The ALJ's failure to properly consider Dr. Goll's opinion is prejudicial because proper consideration could alter the Commissioner's ultimate decision, given the nature of his opinion. Cf. Orand v. Comm'r Soc. Sec., No. 6:14-cv-523-Orl-41GJK, 2015 WL 5307797, at *4 (M.D. Fla. Sept. 10, 2015) ("[T]he Eleventh Circuit noted that it will decline to remand a case to the Commissioner 'when doing so would be a wasteful corrective exercise in light of evidence of record and when no further finding could be made that would alter the ALJ's decision.'").

The ALJ has a duty to fairly consider and weigh all medical opinions and give explicit reasons for her conclusions. See Winschel. 631 F.3d at 1178-79; Sharfarz, 825 F.2d at 279; McCloud, 166 F. App'x at 418-19; Davis, 186 F. App'x at 967; Cowart, 662 F.2d at 735; Lawton, 431 F. App'x at 830. Without explicit explanation by the ALJ, the Court is required to speculate as to whether the ALJ's reason for discounting Dr. Goll's opinion is supported by substantial evidence. Dr. Peele's opinion (standing alone) does not form the proper basis upon which the ALJ can discount Dr. Goll's opinion. See Johnson, 138 F. App'x. at 270 ("The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician."); Bruet, 313 F. Supp 2d at 1346 .

On appeal, the Commissioner argues that: (1) the limitations imposed by Dr. Goll were "extreme" and inconsistent with the unremarkable medical findings of record, (2) Dr.

Goll's opinion conflicted with the results of the electrodiagnostic studies performed by Dr. Haddock, (3) the straight leg test performed by Dr. Haddock was negative, (4) Dr. Haddock found that Plaintiff had normal muscle strength throughout her extremities, (5) Dr. Carpenter found that Plaintiff had full strength in her extremities and normal range of motion throughout her body (excluding her spine), and (6) the straight leg test performed by Dr. Carpenter was negative (Doc. 21 at 13-14). The Commissioner provides these rationales but the ALJ did not. Instead, the ALJ made a generalized reference to some, but not all of these matters when referring to Dr. Peele. It is simply impossible from the ALJ's decision to tell whether the ALJ analyzed Dr. Goll's opinions and on what basis the ALJ concluded that they were properly discounted.

The Commissioner's post hoc arguments cannot supply what is missing from, or substitute for, the ALJ's reasoning at the administrative level. The Court is not interested in what argument the Commissioner makes at this stage in the proceedings, rather, it is only concerned with the reasoning the ALJ offered (or failed to offer) when the ALJ made her decision. See Lawton, 431 F. App'x at 834 (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)); Mulholland v. Astrue, Case No. 1:06-cv-2913-AJB, 2008 WL 687326 (N.D. Ga. Mar. 11, 2008) (the Court rejected the Commissioner's argument noting that the "court cannot consider post hoc reasons for affirming an ALJ's decision, and instead must confine its review to the validity of the grounds upon which the ALJ based its decision."); Shinn ex rel. Shinn v Comm'r Soc. Sec., 391 F.3d 1276 (11th Cir. 2004).

Because the ALJ failed to articulate good cause for discounting Dr. Goll's opinion I respectfully recommend that the Commissioner's decision be reversed and this case be remanded back to the Commissioner for further proceedings.

B. <u>Plaintiff's Remaining Arguments</u>

Because remand is required based upon Plaintiff's first argument, it is unnecessary to review her remaining objections to the ALJ's decision. <u>Freese v. Astrue</u>, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing <u>Jackson v. Bowen</u>, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)). "On remand, however, the Commissioner is reminded of the substantial body of Eleventh Circuit case law encompassing the issues that Plaintiff raises in [his] memorandum of law." <u>Id.</u>

## Recommendation

I respectfully recommend that:

(1) The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

(2) The Commissioner's favorable decision regarding Plaintiff's disability status *after* May 27, 2015 remain undisturbed.

(3) The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

(4) Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(5) Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RECOMMENDED** in Orlando, Florida on November 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

      Presiding United States District Judge
      Counsel of Record